JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

WENDELL L. WILLIAMS

**DEFENDANTS**

AKER PHILADELPHIA SHIPYARD, INC.

**(b)** County of Residence of First Listed Plaintiff      PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant      PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc A. Weinberg, Esquire, Saffren & Weinberg, 815 Greenwood Avenue, Suite 22, Jenkintown, PA  19046; (215) 576-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plainti and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC Section 2000-1 (Title VII)

Brief description of cause:
Age Discrimination

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE     2-26-16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 1444 Rosalie Street, Philadelphia, PA 19149

Address of Defendant: 2100 Kitty Hawk Avenue, Philadelphia, PA 19121

Place of Accident, Incident or Transaction: 2100 Kitty Hawk Avenue, Philadelphia, PA 19121

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, MARC A. WEINBERG, ESQUIRE _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 2/26/16 _____   Marc A. Weinberg, Esquire _____   60643 _____
                                 Attorney-at-Law                              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 2/26/16 _____   Marc A. Weinberg, Esquire _____   60643 _____
                                 Attorney-at-Law                              Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: _1444 Rosalie Street, Philadelphia, PA 19149_

Address of Defendant: _2100 Kitty Hawk Avenue, Philadelphia, PA 19121_

Place of Accident, Incident or Transaction: _2100 Kitty Hawk Avenue, Philadelphia, PA 19121_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY*:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _MARC A. WEINBERG, ESQUIRE_ , counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _2/26/16_         Marc A. Weinberg, Esquire         _60643_
                        Attorney-at-Law                   Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

_2/26/16_          Marc A. Weinberg, Esquire          60643

DATE: _____   Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| WENDELL L. WILLIAMS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AKER PHILADELPHIA SHIPYARD, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X)

| 2/26/16 | Marc A. Weinberg, Esquire | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 576-0100 | (215) 576-6228 | mweinberg@saffwein.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENDELL L. WILLIAMS<br>1444 Rosalie Street<br>Philadelphia, PA 19149 | : | |
| Plaintiff, | : | **Civil Action Complaint** |
| v. | : | |
| | : | **Jury Trial Demanded** |
| AKER PHILADELPHIA SHIPYARD, INC.<br>2100 Kitty Hawk Avenue<br>Philadelphia, PA 19121 | : | **No.:** |
| and | : | |
| Defendant. | : | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.      Plaintiff, Wendell L. Williams brings this action under Title VII of the Civil

Rights Act of 1964, as amended 42 U.S.C. § 2000-1 e-1 *et seq* ("Title VII"), The Age

Discrimination in Employment Act of 1967, 29 U.S.C.§623 *et seq* ("Age Discrimination Act"),

The Pennsylvania Human Relations Act, 43 P.S. §954, *et seq*, and pursuant to applicable

Pennsylvania common law.  Plaintiff seeks equitable relief, compensatory and punitive damages,

costs and attorney's fees from Defendants for Defendants' discriminatory practices, retaliation,

and other tortuous actions.

### II. JURISDICTION AND VENUE

2.      Jurisdiction over this action is conferred on this Court by 28 U.S.C. §1331, 1343

and 42 U.S.C. §2000 e-5(f).

3.      Plaintiff has complied with all jurisdictional prerequisites including those set forth

in 42 U.S.C. §2000 e-5 and was issued a Notice of Right to Sue by the Equal Employment

Opportunity Commission on about December 15, 2015.

    4.       Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391 and 42 U.S.C. § 2000 e-5.

    5.       At all times material hereto, Aker Philadelphia Shipyard, Inc. (hereinafter referred to as "Defendant or Aker") was "engaged in an industry affecting commerce" within the meanings of §701(a) and 701(b) of Title VII, 42 U.S.C. §2000e.

    6.       At all times material hereto, Defendant, employed more than 15 employees.

    7.       At all times material hereto, Defendant, was an "employer" as defined by §701(b) of Title VII, 42 U.S.C. §2000 e.

    8.       At all times material hereto, Defendant, was an "employer" as defined by §4 of the Pennsylvania Human Relations Act, 43 P.S. §954.

    9.       At all times material hereto, Defendant was an "employer" as defined by the Age Discrimination Act.

    10.       At all times material hereto, Defendant, was an "employer" of Plaintiff as defined by §5 of Pennsylvania Human Relations Act, 43 P.S. §955.

## III.  THE PARTIES

    11.       Plaintiff, Wendell L. Williams (hereinafter "Plaintiff or Williams"), is an adult male that resides at the above-captioned address and is 61 years old.

    12.       Williams is over forty (40) years old and is African American.

    13.       Upon information and belief, Defendants operates a ship yard with a registered address and a principal place of business located at the above-captioned address.

    14.       Upon information and belief, Plaintiff was disciplined on the instruction of Steven Lalumera who hereto had the authority to discipline and terminate Plaintiff.

15.     At all times material hereto, the discrimination enumerated within this Complaint occurred within the Commonwealth of Pennsylvania at Defendant's, location in Philadelphia.

## IV. FACTUAL BACKGROUND

16.     Plaintiff is African American and 61 years old, at the time of termination Plaintiff was 59 years old.

17.     Plaintiff was hired by Defendants as a welder and had worked for the Defendant for approximately twelve and a half (12.5) years.

18.     Plaintiff was improperly disciplined on three (3) occasions in approximately four (4) month period by Steven Lalumera ("Lalumera") who is white and approximately fifty years old.

19.     Plaintiff was disciplined because of his age and race because his work product and productivity was not deficient.

20.     Plaintiff was placed on probation following said write-ups.

21.     This was a demotion because plaintiff was then under higher scrutiny by the Defendant and subject to termination.

22.     The reason given for the suspension and demotion was improper work product which was not true; the allegations were poor work quality and slow work.

23.     At the same time other white and younger workers completed the same amount of work and production as Plaintiff did, but they were not reprimanded, nor suspended.

24.     Plaintiff did not have any issues until Lalumera became his department manager in November 2013.

25.     Plaintiff was terminated in or about October 13, 2014, wherein Plaintiff met all quotas required and performed the duties of his job to the fullest of his ability and to the fullest

extent permitted by his employer, and younger and/or white workers did not receive the same treatment; the assertion that I did not meet my quota was false and pretextual.

26.     Aker has a history of harassing, suspending, subjecting to probation and terminating employees of color and those who are over the age of forty (40) such as Andrew Moore, Novarra McCall, David Clay and Tony Burke all of whom are men of color, are over forty (40) and were subject to such treatment.

27.     On or about October 13, 2014 I was terminated because of my age and race.

28.     After Steven Lalumera became the department manager, other African American workers who were older than 40 years old were terminated, to which I was one of the targeted employees.

29.     Age was also a reason that I was terminated because my pension was about to vest which would have cost the Defendant more money to which the Defendant did not want to pay.

30.     Upon information and belief, I was replaced with a younger worker.

31.     At all times material hereto, Steven Lalumera was a decision makers regarding Plaintiff's employment with Defendant and stated that he was bringing in a "bunch of young guys coming out of school" to replace you guys, so "you better step it up a bit".

32.     At all times material hereto, Steven Lalumera was acting within the course and scope of their employment.

33.     Any acts or omissions attributed herein to Defendant, was committed or omitted by its principals, directors, officers, managers, and/or employees who were acting in the course and scope of their employment with said Defendant.

34.     At all times material hereto, Plaintiff was subject to harassment and

discrimination based upon his Age and Race, which included a hostile work environment and retaliation with ultimate termination.

35.     During the course and within the scope of his employment at Defendant, Plaintiff was subjected to discipline in the form of written warnings, suspensions and termination for conduct and/or infractions that did not occur or conduct and/or infractions for which other similarly-situated Caucasian and younger employees were not disciplined.

36.     At all times material hereto the harassment, hostile work environment and discrimination to which Plaintiff was subjected was unwelcome, severe and unreasonably altered the condition of his employment.

37.     Plaintiff was profoundly upset and affected by the discrimination, harassment and hostile work environment that he was subjected to during the course and scope of his employment.

38.     During the course and within the scope of his employment at Defendant, Plaintiff was treated less favorably than similarly situated, non Black employees.

39.     The aforementioned conduct of Defendant was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under The Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 *et seq,* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq.* and the Pennsylvania Human Relations Act, 33 P.S. §951, *et seq.*

40.     Defendant had a continued need for the work that Plaintiff had been performing.

41.     Notwithstanding, Plaintiff's complaints and clear indication to Defendant that the aforesaid comments and conduct were unwelcome, unwanted and upsetting, the harassing

5

conduct continued throughout the course of his employment with Defendants.

42.     At no time did Defendants, or any of the principles, supervisors, managers, officers, directors, or agents of Defendants, institute an effective grievance procedure designed to eliminate racial or aged based discrimination of employees and no reasonable steps were taken to prevent the same in the workplace; and if said policy existed; Defendant failed to follow any requirements of said policy.

43.     At no time did Defendant, Defendants, have in place an effective anti-harassment policy, complaint structure, training and/or effective monitoring mechanism calculated to prevent or eliminate age or racially based harassment and/or discrimination which they knew or should have known was occurring or could occur on the premises of Defendants, particularly with regard to discrimination by management-level employees directed to subordinates.

44.     As a direct and proximate result of Defendant's aforesaid acts and omissions, the hostile work environment which was created thereby, and Defendant's discriminatory practices, Plaintiff:

    (a)     was discharged from his employment to his great financial detriment

    (b)     was caused pain and suffering, physical injury and a loss of enjoyment of life; and

    (c)     suffered severe emotional distress, embarrassment, humiliation and depression.

## COUNT I
### WENDELL L. WILLIAMS V. AKER PHILADELPHIA SHIPYARD
### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967, 29 U.S.C. §623, *ET* SEQ AND
### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. 2000

45.     Plaintiff hereby incorporates by reference all of the aforementioned allegations set

6

forth above.

46.     The conduct of Defendant and treatment of Plaintiff in his employment violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, *et seq*. and The Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 *et seq* as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon his Race and Age.

WHEREFORE, Plaintiff, Wendell L. Williams, demands judgment against Defendant, Aker Philadelphia Shipyard, including:

(a)     A declaration that Defendants' actions as described herein violated Title VII of the Civil Rights Act of 1964;

(b)     A declaration that Defendants' actions as described herein violated The Age Discrimination in Employment Act of 1967, 29 U.S.C. §623 *et seq*;

(c)     equitable and declaratory relief requiring Defendants, to institute sensitivity and other training for all managers, employees and supervisors to prevent age and race harassment and discrimination in the workplace;

(d)     equitable and declaratory relief requiring Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints relating to age and racial harassment and discrimination;

(e)     equitable and declaratory relief requiring the posting of notices on the premises so that employees will know and understand their rights and remedies, including official company policy;

(f)     compensatory damages for Plaintiff's loss of past and present future income and benefits, pain and suffering inconvenience, embarrassment, emotional distress and loss of enjoyment of life;

7

(g) punitive damages;

(h) payment of interest and Plaintiff's attorney's fees and costs associated with bring the claim; and

(i) such other relief as this Court may deem appropriate under the circumstances.

## COUNT II
### WENDELL L. WILLIAMS V. AKER PHILADELPHIA SHIPYARD
### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT 33 PS 955, ET SEQ.

47.     All aforementioned paragraphs are incorporated by reference as if fully set forth at length herein.

48.     The conduct of Defendant's treatment of Plaintiff in his employment violated the Pennsylvania Human Relations Act 33 P.S. 955, *et seq*, as Plaintiff's harassment, hostile work environment, retaliation and discrimination was based upon his Age and Race.

49.     Defendant's employment practices deprived Plaintiff of equal employment opportunities and otherwise affected her status as an employee because of his age and race.

50.     As a direct and proximate result of Defendant's actions, conduct and omissions, Plaintiff has suffered the injuries and damages set forth herein past and future earnings, income, benefits, and opportunities as well as pain and suffering, severe emotional distress, mental anguish, embarrassment and a loss of enjoyment of life's pleasure.

WHEREFORE, Plaintiff Wendell L. Williams, demands judgment against Defendant, including:

(a) a declaration that Defendants' actions as described herein violated The Pennsylvania Human Relations Act;

(b) equitable and declaratory relief requiring Defendant, Defendants, to institute

sensitivity and other training for all managers, employees and supervisors to prevent age and race harassment and discrimination in the workplace;

(c) equitable and declaratory relief requiring Defendant, Defendants, to institute and enforce a specific policy and procedure for investigating and preventing complaints;

(d) equitable and declaratory relief requiring the posing of notices on the premises so that employees will know and understand their rights and remedies, including the official company policy;

(e) compensatory damages for Plaintiff's loss of past and future income and benefits, pain and suffering, inconveniences, embarrassment, emotional distress and loss of enjoyment of life, plus interest;

(f) payment of interest and Plaintiff's attorney's fees and costs associated with bringing this claim; and

(g) such other relief as this Court may deem appropriate under the circumstances.

Respectfully Submitted,
SAFFREN & WEINBERG

BY: _____
MARC A. WEINBERG, ESQUIRE
PA I.D. No. 60643
815 Greenwood Ave, Suite 22
Jenkintown, PA 19046
Attorney for Plaintiff

Dated: February 26, 2016